EXCELSIOR INSURANCE CO. OF NEW YORK, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25112.) LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY OF LIVERPOOL, ENGLAND, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25113.) ANTHONY L. WATHLEY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25114.) — The decision of this court, handed down June 29, 1945 (269 App. Div. 464), is amended to read as follows: Judgment in the Court of Claims dismissing the claim on the merits of Anthony L. Wathley against the State of New York is hereby reversed upon the law and the facts, with costs, and Anthony L. Wathley is awarded a judgment of $6,900 and costs against the State of New York.

Judgment in the Court of Claims dismissing the claim on the merits of Excelsior Insurance Co. of N. Y. against the State of New York is hereby reversed upon the law and the facts, with costs, and Excelsior Insurance Co. of N. Y. is awarded a judgment of $800 and costs against the State of New York. Judgment in the Court of Claims dismissing the claim on the merits of Liverpool and London and Globe Insurance Company of Liverpool, England, against the State of New York is hereby reversed upon the law and the facts, with costs, and Liverpool and London and Globe Insurance Company of Liverpool, England, is awarded a judgment of $2,500 and costs

against the State of New York. The Court of Claims made one decision applicable to the three claims and the State presented one set of proposed findings applicable to all three. This court reverses findings numbered 5, 9, 10, 11, 12, 13, 14, 15, 16 and 17 contained in the decision, and findings numbered 11, 12, 13 and 14 made by the Court of Claims from the proposed findings submitted by the State, and this court makes the following new findings of fact: That the escape of Francis J. Flood from Wassaic State School on February 19, 1936, through an unbarred and unlocked window, with matches and cellophane in his pocket, and the resultant fire on the premises of Anthony L. Wathley, were occasioned by the negligence of the officials and employees of said institution in failing to take reasonable measures to guard against the escape of the moron and mental delinquent whose mental condition made it unsafe for him to be at large. The court disapproves the conclusions of law numbered 1 in the decision, and numbers 1, 2, 3 and 5 in the State's proposed decision. Opinion by Hill, P. J. All concur.